**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JOHN MARKS, ET. AL. | § | |
| *Plaintiffs,* | § | |
| v. | § | CASE NO: 3:24-CV-00243 |
| | § | |
| CITY OF MANVEL, ET. AL | § | |
| *Defendants.* | § | |

## NOTICE OF SUBPOENA DUCES TECUM ISSUED TO BRAZORIA COUNTY DISTRICT ATTORNEY'S OFFICE IN A CIVIL ACTION

To:    Brazoria County District Attorney's Office
        111 E Locust St #408a
        Angleton, TX 77515

Plaintiff, Freddie Douglas hereby gives notice of his intent to subpoena documents and other records from Brazoria County District Attorney's Office pursuant to Texas Federal Rules of Civil Procedure Rule 45(a)(4). Brazoria County District Attorney's Office is requested to produce the documents and records identified in Exhibit A hereto within 30 days of the date on which the Subpoena is received, and forward same to the office of Michael W. Kerensky located at 440 Louisiana, Suite 2300 Houston, Texas 77002, 713-228-5100.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

ISSUED in Brazoria County, Texas on Tuesday, December 17, 2024.

Requested by:             ***Michael W. Kerensky***
                                     **MIKE KERENSKY, PLLC**
                                     Texas Bar No. 11331500
                                     440 Louisiana, Suite 2300
                                     Houston, Texas 77002
                                     713 228 5100 – Telephone
                                     713 228 6138 – Facsimile
                                     mike@kerenskylawfirm.com
                                     **ATTORNEY FOR PLAINTIFF**
                                     **FREDDIE DOUGLAS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been filed electronically and sent to all parties by operation of the Court's electronic filing system on December 17, 2024.

                                     */s/ Michael W. Kerensky* .
                                      **Michael W. Kerensky**

## EXHIBIT A

**THE DOCUMENTS AND TANGIBLE THINGS SOUGHT BY DEFENDANT FREDDIE DOUGLAS, ARE AS FOLLOWS:**

**REQUEST NO. 1:**  All documents related to any communication between the Manvel Police Department and/or any member of the Manvel Police Department and the Brazoria County District Attorney's Office or anyone associated with Brazoria County District Attorney's Office related to the complaint from Amanda Zawieruszynski prior to the issuance of the arrest warrants for Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 2:**  All documents, notes, transcripts, exhibits, evidence or other documents related to the grand jury proceeding that issued a no-bill in favor of Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 3:**  The entire file of the Brazoria County District Attorney's Office related to any criminal charges sought against Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 4:**  All documents related to any communication with Amanda Zawieruszynski prior to the no-bill grand jury decision regarding Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 5:**  All documents related to any communication with Amanda Zawieruszynski after the no-bill grand jury decision regarding Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 6:**  Phone records, including but not limited to cell phone records showing any phone calls, texts, instant messages, private messages, chats or other communication between Amanda Zawieruszynski and anyone at the Brazoria County District Attorney's Office related to Freddie Charles Douglas, Jr. and/or John Marks in any way.

**REQUEST NO. 7:**  All documents related in any way to any investigation of Amanda Zawieruszynski for having filed a false police report.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN MARKS, ET. AL. | § | |
| *Plaintiffs,* | § | |
| v. | § | CASE NO: 3:24-CV-00243 |
| | § | |
| CITY OF MANVEL, ET. AL | § | |
| *Defendants.* | § | |

## SUBPOENA TO BRAZORIA COUNTY DISTRICT ATTORNEY'S OFFICE FOR THE PRODUCTION OF DOCUMENTS IN A CIVIL ACTION

TO:    Any Sheriff or Constable of the State of Texas or other person authorized to serve and execute subpoenas as provided in FEDERAL RULE OF CIVIL PROCEDURES 45.

YOU ARE COMMANDED TO SUMMON a non-party witness, **Brazoria County District Attorney's Office, at 111 E Locust St #408a, Angleton, TX 77515** to produce to Michael W. Kerensky of The Kerensky Law Firm, located at 440 Louisiana, St. Suite 2300, Houston, TX 77002 on or before January 1, 2025, all documents, items, and things described in the attached and incorporated Exhibit A for inspection and copying to be used as evidence in this case.

**Brazoria County District Attorney's Office** is commanded to produce and/or permit inspection and copy of the documents or tangible things described in Exhibt A. Pursuant to the FEDERAL RULE OF CIVIL PROCEDURE 45, Plaintiff will pay the reasonable cost of complying with the record request, including costs of reproduction, postage, research, delivery, and attorneys' fees.

The following provisions of FED. R. CIV. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**THIS SUBPOENA IS ISSUED UNDER THE AUTHORITY OF THE FEDERAL RULE OF CIVIL PROCEDURE 45. A FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT IN AN ENFORCEMENT ACTION.**

The Subpoena is issued at the request of Plaintiff Freddie Douglas whose attorney of record is the undersigned, Michael W. Kerensky.

DO NOT FAIL to return this subpoena, with return thereon, showing the manner of execution.

ISSUED ON December 17, 2024.

Respectfully submitted,

**MIKE KERENSKY, PLLC**

By: _____

Michael W. Kerensky
Texas Bar No. 11331500
440 Louisiana, Suite 2300
Houston, Texas 77002
713 228 5100 – Telephone
713 228 6138 – Facsimile
mike@kerenskylawfirm.com

**ATTORNEY FOR PLAINTIFF**
**FREDDIE DOUGLAS**

**EXHIBIT A**

**THE DOCUMENTS AND TANGIBLE THINGS SOUGHT BY DEFENDANT FREDDIE DOUGLAS ARE AS FOLLOWS:**

**REQUEST NO. 8:** All documents related to any communication between the Manvel Police Department and/or any member of the Manvel Police Department and the Brazoria County District Attorney's Office or anyone associated with Brazoria County District Attorney's Office related to the complaint from Amanda Zawieruszynski prior to the issuance of the arrest warrants for Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 9:** All documents, notes, transcripts, exhibits, evidence or other documents related to the grand jury proceeding that issued a no-bill in favor of Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 10:** The entire file of the Brazoria County District Attorney's Office related to any criminal charges sought against Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 11:** All documents related to any communication with Amanda Zawieruszynski prior to the no-bill grand jury decision regarding Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 12:** All documents related to any communication with Amanda Zawieruszynski after the no-bill grand jury decision regarding Freddie Charles Douglas, Jr. and/or John Marks.

**REQUEST NO. 13:** Phone records, including but not limited to cell phone records showing any phone calls, texts, instant messages, private messages, chats or other communication between Amanda Zawieruszynski and anyone at the Brazoria County District Attorney's Office related to Freddie Charles Douglas, Jr. and/or John Marks in any way.

**REQUEST NO. 14:** All documents related in any way to any investigation of Amanda Zawieruszynski for having filed a false police report.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JOHN MARKS, ET. AL. | § | |
| *Plaintiffs,* | § | |
| v. | § | CASE NO: 3:24-CV-00243 |
| | § | |
| CITY OF MANVEL, ET. AL | § | |
| *Defendants.* | § | |

**PROOF OF SERVICE**

      I received this Subpoena for the Brazoria County District Attorney's Office on _____.

I served a true copy of the Subpoena upon the <u>Brazoria County District Attorney's Office, at 111</u>

<u>E Locust St #408a, Angleton, TX 77515</u>, by delivering a copy to the following named

person:_____on_____at_____(am/pm) and tendered

to the witness a fee of $_____.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
      I returned the Subpoena **<u>unexecuted</u>** because: _____

_____

_____.


      I declare under penalty of perjury that this information is true and correct and I am
a person who is not a party in this civil litigation and I am 18 years of age or older:

Server's Signature:_____
Server's Printed Name:_____
Server's Address:_____

**<u>ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER FRCP RULE 45</u>**

I accept service of this Subpoena on behalf of **<u>Brazoria County District Attorney's Office</u>**.

_____        _____
**Signature of Witness on Behalf of**        **DATE**
**The Brazoria County District Attorney's Office**