UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN MARKS<br>*Plaintiff* | § § § | |
| vs | § § § | |
| CITY OF MANVEL, TANER TRUITT; THOMAS (KEITH) TRAYLOR; OFFICER RUIZ; and AMANDA ZAWIERUSZYNSKI a/k/a AMANDA SHIPLEY,<br>*Defendant* | § § § § § § § | CIVIL ACTION NO.: 3:24-cv-00243 |

**PLAINTIFF'S MOTION TO COMPEL FEDERAL RULE OF CIVIL PROCEDURE 37(a)(3)(B) REQUESTS FOR PRODUCTION AND REQUEST FOR SANCTIONS**

NOW COMES Plaintiff, AMANDA ZAWIERUSZYNSKI and moves for an order to compel Defendants, specifically JOHN EDWARDS MARKS, III., to produce responses to her Request for Production and Interrogatories as required by Federal Rules of Civil Procedure 37(a)(3)(b) and for Sanctions to pay for the costs related to conferring on and compelling records related to the same. In support thereof Plaintiff, would show as follows:

**I.**

Amanda Zawieruszynski seeks to compel Marks to provide discovery responses to her Request for Production and Interrogatories. Thus far, Marks has failed to do so despite several requests from her counsel via email and meet and confer. After Marks' failed to: 1.) timely respond to discovery; 2.) appear to a Court Ordered zoom meeting for 42 minutes only to leave thirty seconds later; 3.) appear to a Court ordered discovery hearing; and 4.) failed to comply with that order, Zawieruszynski feels forced to file this motion to compel and seek costs. Marks' dilatoriness violates Federal Rule of Civil Procedure 37(a)(3)(b) regarding discovery, and Mark's attorney Justin A. Moore has shown repeated disregard for the Court's orders, resources, time, and a lack

of respect for both the Court and opposing counsel.

## PROCEDURAL BACKGROUND

FRCP 37(a)(3)(b) provides: "complete responses to discovery requests within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order." Thus, under Rule 37(a)(3)(b), Defendant was required to respond to Plaintiff's discovery which was propounded on him on February 28, 2025 in which Defendant failed to respond within thirty days nor did Defendant request an extension.

Specifically, Defendant missed its deadline by one month and three weeks. After Plaintiff followed up with Defendants on discovery responses, Defendant gave boiler plate objections and confusions as to what the "incident" referred. Plaintiff has asked Defendant to provide responsive documents and monial responses to the Interrogatories. (*See* e-mails, attached as Exhibit A). Yet Defendant has failed to provide its responsive documents to the request for production (*See* Exhibit B, Marks Responses to Production and Interrogatories).

On July 3, 2025, after attempts to reach Justin Moore since the inception of the case and then since March 2025 related to discovery deficiencies without meaningful response, Amanda Zawieruszynski's lawyer filed a letter (*See* e-mails, attached as Exhibit A and Dkt. No. 44) to the Judge's office related to the discovery dispute.

On July 3, 2025, the Court ordered Amanda Zawieruszynski's counsel and Marks' Counsel to confer in a Zoom room July 8, 2025 at 1:00 pm then submit a joint letter by 5:00 p.m. the following day. *See* Dkt. No. 46.

On July 8, 2025, Amanda Zawieruszynski's counsel appeared early into the Zoom meeting. Marks' attorney, Justin A. Moore, logged into the meeting 42 minutes late for thirty seconds before logging off to Zoom meeting.

The following day, on July 9, 2025 a dispute on the phone resulted in parties submitting a joint letter to the court. *See* Joint letter, Exhibit A, and Dkt. No. 47.

On July 10, 2025, the Court set a pre-motion conference for 11:00 a.m. *See* Dkt. No 49. On July 13, 2025, Zawieruszynski's counsel emailed Marks counsel about conferring, to which he indicated he had already informed her she would get supplementation, if any, later in the week.

On July 14 2025, the Court had a discovery conference to which Justin A. Moore was ordered to appear but failed to do so appear. *See* Minute Entry, Dkt. No. 50. did not appear, and for which an order to waive all objections and for production of discovery and answers to interrogatories was ordered.

Marks' counsel did not produce any additional discovery in response to the order except some text messages between Amanda and Marks, and updated his answers to interrogatories minimally. Amanda Zawieruszynski's counsel emailed Mark's counsel regarding these deficiencies, to which defense counsel indicated they were in compliance and that no other evidence existed in the case. Marks counsel Justin Moore then notified the Court of his compliance with the Court's order (Dkt. No. 53); *see also* Exhibit A.

As of August 8 2025, Amanda Zawieruszynski has still yet to receive responsive documents to her requests for discovery to Marks counsel except to provide text messages communications between the Amanda and Marks.

**LEGAL AUTHORITIES**

Federal Rule of Civil Procedure 37 authorizes a court to issue sanctions for a party's failure to comply with discovery orders. *See* Fed. R. Civ. P. 37(b)(2)(A), (C). A court may also hold a party in civil contempt where there is "clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to

comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). Likewise, a federal court may award sanctions against a party who fails to comply with a court order. *See Sabre Grp., Inc. v. Eur. Am. Travel, Inc.*, 192 F.3d 126, 1999 U.S. App. LEXIS 21751, 1999 WL 683863, at *1-2 (5th Cir. 1999) (affirming the district court's sanction of a party for failing to attend a court-ordered settlement conference).

"Federal courts have undisputed, inherent power to regulate practice in cases pending before them." *An Luong v. Kroger Tex. L.P.*, No. 3:19-CV-00194, 2020 U.S. Dist. LEXIS 190082, at *8 (S.D. Tex. Oct. 14, 2020)(quoting *Carroll v. Jaques*, 926 F. Supp. 1282, 1288 (E.D. Tex. 1996). "This power originates from the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. (internal quotation marks and citation omitted). Furthermore, "[a] district court has the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal quotation marks and citation omitted). "The court may also use that power to sanction conduct if it is in direct defiance of the sanctioning court or constitutes disobedience to the orders of the Judiciary." *Id*. (cleaned up). The Fifth Circuit has upheld findings of bad faith for vexatious conduct that consciously, deliberately, and willfully disobeyed a district court's discovery orders. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1382-83 (5th Cir. 1994).

In our case Both Marks' counsel Justin Moore, and Douglas' counsel, Mike Kerensky have repeatedly represented publicly that video evidence exists that proves that the sexual interactions between Douglas, Marks, and Amanda are completely consensual. In fact, Douglas' counsel represented to Amanda Zawieruszynski's counsel "as one lawyer to another" that once Amanda's lawyer sees the video, he would immediately drop the case. Kerensky then said he was forwarding

4

that video, only to forward anything but that specific video. That video has never been produced to this date. Plaintiff now requests, in addition to the categories of documents and discovery below, that it be ordered that counsel produce that video that both counsel have clearly represented exonerates their clients, yet, for reason they have been unable or unwilling to produce to counsel or in discovery. If the video does not in fact exist, Amanda Zawieruszynski's counsel requests an order that they respond "none" to request for evidence of the same.

As to the remaining discovery, Marks has failed to comply with its discovery response requirements under Federal Rules of Civil Procedure 37(a)(3)(b) and failed to provide responsive policies requested in 1, 3, 4, 6, 10, 14, 16, 19, 20, 23, 24, 28, 32, 33, 34, 38, 39, 42, 49, 52, 53 and 69. and Interrogatories 1,2, 4, 6, 9, 11, 12, 13 and 18, Plaintiff requests the Court to compel Defendant to provide its responses to Plaintiff and to seek sanctions against Defendant.

Plaintiff therefore PRAYS that this Motion be set for hearing and that, after notice and hearing, Defendant produce its discovery responses to Plaintiff's requests RFP No.1, 3, 4, 6, 10, 14, 16, 19, 20, 23, 24, 28, 32, 33, 34, 38, 39, 42, 49, 52, 53 and 69. and Interrogatories 1,2, 4, 6, 9, 11, 12, 13 and 18 within 30 days of an order of the Court and for sanctions for the time in effort expended to seek this discovery and in consideration of the flagrant disregard for the Court's orders and the time and resources of the Court and Amanda Zawieruszynski's counsel in the amount of $2,500.00. Zawieruszynski also requests any other relief to which Zawieruszynski may be justly entitled.

        Respectfully submitted,

        **HARPER LAW FIRM**
        18618 Tuscany Stone Suite 210
        San Antonio, TX 78258
        (210) 780-3881; Telephone
        (210) 876-1891; Facsimile

BY:   /s/ *Thomas N. Cammack, III*
        TAYLOR W. HARPER
        State Bar No. 24091573
        taylor@harperlawtx.com; Email
        THOMAS N. CAMMACK, III
        State Bar No. 24073762
        trey@harperlawtx.com; Email

        ***ATTORNEY(S) FOR PLAINTIFF***

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel has attempted several times, as is detailed in the emails, to get responsive discovery documents. Emails related to the same attempts are attached hereto as Exhibit "A".

        */s/ Thomas Cammack*
        THOMAS N. CAMMACK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent via electronic service to the following attorneys of record:

**VIA E-MAIL:** JUSTIN@STAFFORDMOORE.LAW
JUSTIN A. MOORE
STATE BAR NO. 24088906
PAUL K. STAFFORD
STAFFORD MOORE, PLLC
325 N. ST. PAUL STREET, SUITE 2210
DALLAS, TEXAS 75201
TELEPHONE (MAIN): (214) 764-1529
TELEPHONE (DIRECT): (214) 764-1531
FACSIMILE: (214) 580-8104
**ATTORNEYS FOR PLAINTIFF
JOHN MARKS**

**CC:**
**VIA E-MAIL:** MIKE@KERENSKYLAWFIRM.COM
MICHAEL W. KERENSKY
TEXAS BAR NO. 11331500
MIKE KERENSKY, PLLC
440 LOUISIANA, SUITE 2300
HOUSTON, TEXAS 77002
713 228-5100 – TELEPHONE
713 228-6138 – FACSIMILE
**ATTORNEY FOR PLAINTIFF
FREDDIE DOUGLAS**

**on this 8th day of August 2025.**

*/s/ Thomas Cammack*
THOMAS N. CAMMACK