Case 3:24-cv-00243   Document 77   Filed on 12/01/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN MARKS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00243 |
| | § | |
| CITY OF MANVEL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

In this case, Freddie Douglas alleges that he was falsely accused of aggravated sexual assault. He insists that if law enforcement officers had properly investigated, they would have discovered that such allegations were objectively and demonstrably false.

Douglas has served the Texas Department of Public Safety ("TDPS") with a subpoena, seeking to depose Texas Ranger Aaron Arizmendi and have him produce six categories of documents. In his role as a Texas Ranger,[1] Arizmendi reportedly participated in Douglas's arrest and witnessed two relevant conversations on the same day as the arrest. One conversation was between the investigating officers from the Manvel Police Department and the Brazoria County District Attorney. The other conversation included the Chief of the El Campo Police Department and the arresting officers from the Manvel Police Department.

TDPS has objected "to providing the requested information based on state sovereign immunity, which" it insists, "bars compliance with third-party subpoenas." Dkt. 69 at 14 (citing *Russell v. Jones*, 49 F.4th 507, 514–15, 518–19 (5th Cir. 2022)). In accordance with the Galveston Rules of Practice, Douglas has

---

[1] The Texas Rangers are one of the most famous law enforcement agencies in North America. Organized in 1835, they have been "eulogized as the white knights of the American Southwest." *Steadman v. Tex. Rangers*, 179 F.3d 360, 363 (5th Cir. 1999). The Texas Rangers became part of the TDPS in 1935. *See id.*

submitted a discovery dispute letter. *See* Dkt. 69. TDPS has filed a motion to quash. *See* Dkt. 73. I heard oral argument addressing this discovery issue. At oral argument, Douglas abandoned his request to have Arizmendi produce documents. He now seeks to depose Arizmendi only about what he saw and heard in connection with the two conversations discussed above.

In *Russell*, the Fifth Circuit held that state sovereign immunity applied to bar third-party subpoenas served on 17 Texas felony judges in their official capacities in federal court litigation. *See* 49 F.4th at 514–15. Douglas argues that *Russell* does not prohibit Arizmendi, as a state employee, from being compelled to answer a third-party subpoena and appear for a deposition. In an opinion issued earlier this year, however, the Fifth Circuit squarely rejected Douglas's position:

> As an agency of Texas, TDPS receives immunity from suit. We have recognized that "compelled compliance with a *subpoena duces tecum* violates" sovereign immunity. *Russell*, 49 F.4th at 515 (quoting *Alden v. Maine*, 527 U.S. 706, 715 (1999)). And even though TDPS is a third party to this litigation, it still receives protection against compelled compliance; "[w]here sovereign immunity applies, it applies totally." *Id.* at 514. Furthermore, "sovereign immunity is an immunity from *suit* (including discovery), not just liability." *Id.* (emphasis in original) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). A state and its agencies cannot be compelled to participate in discovery, even as third parties. Otherwise, the sovereign's "interests" in its "dignity and authority over its prerogatives" would be treated as "less interesting" when it "is served with a *subpoena duces tecum* instead of a complaint"—that cannot be the case. *Russell*, 49 F.4th at 515.

*Thompson v. Richter*, No. 24-10837, 2025 WL 1233519, at *2 (5th Cir. Apr. 29, 2025) (cleaned up).[2]

---

[2] In seeking to minimize *Russell*'s importance, Douglas relies on a recent opinion from the Western District of Texas. *See Drs. Hosp. of Laredo v. Cigarroa*, No. SA-21-CV-01068, 2023 WL 11987993 (W.D. Tex. May 19, 2023). *Cigarroa* is inapposite. In *Cigarroa*, Judge Xavier Rodriguez held that sovereign immunity did not prevent the depositions of two non-party doctors who worked for the University of Texas because the doctors were not "acting as state officials." *Id.* at *1 (cleaned up). By contrast, Arizmendi was unquestionably acting as a state official in his capacity as a Texas Ranger.

I understand Douglas's frustration. Douglas believes it is important for him to depose Arizmendi as part of the underlying civil case. But regardless of the importance of Arizmendi's testimony, my hands are tied. Fifth Circuit precedent is clear.[3] At oral argument, Douglas's counsel conceded that the sole reason Arizmendi observed the two conversations at issue is because he had been asked as a Texas Ranger to participate in Douglas's arrest. Because Arizmendi was acting in his official capacity as a Texas Ranger when he witnessed the two conversations at issue, sovereign immunity prevents me from forcing a state official like Arizmendi to appear for a deposition. Accordingly, I grant the motion to quash.

SIGNED this 1st day of December 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] In a response brief, Douglas cites more than 15 district court and circuit court opinions from across the country disagreeing with *Russell*'s holding that a state and its agencies cannot be compelled to participate in discovery as third parties. *See* Dkt. 76 at 5–11. Those cases are interesting to read, but I am required to follow binding Fifth Circuit precedent until the Fifth Circuit or the Supreme Court overturns it. *Russell* is directly on point.