**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JOHN MARKS, | § | |
| Plaintiff. | § § § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00243 |
| CITY OF MANVEL, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

In this case, Freddie Douglas alleges that he was falsely accused of aggravated sexual assault. He insists that if law enforcement officers had properly investigated, they would have discovered that such allegations were objectively and demonstrably false.

Douglas served a subpoena on the Texas Department of Public Safety ("TDPS"), seeking to depose Texas Ranger Aaron Arizmendi. TDPS timely filed a motion to quash, which I granted on December 1, 2025. *See* Dkt. 77. Douglas objected to my December 1, 2025 order. *See* Dkt. 78. On December 17, 2025, Judge Jeffrey V. Brown overruled Douglas's objections to my December 1, 2025 order. *See* Dkt. 84. Douglas wants to appeal that decision. Unfortunately for Douglas, he originally served Arizmendi without tendering fees.[1] Douglas believes that he must "re-serve Arizmendi with another Subpoena for his deposition with the proper amount of fees" "so that this issue goes to the 5th Circuit cleanly." Dkt. 79 at 1. Accordingly, Douglas has again served TDPS with a subpoena, seeking to depose Arizmendi. TDPS has again filed a motion to quash. *See* Dkt. 88. Douglas has filed a substantially similar response to TDPS's first motion to quash. *See* Dkt. 90. I now rule the same as I did before and grant TDPS's motion to quash.

---

[1] "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

In his role as a Texas Ranger,[2] Arizmendi reportedly participated in Douglas's arrest and witnessed two relevant conversations on the same day as the arrest. One conversation was between the investigating officers from the Manvel Police Department and the Brazoria County District Attorney. The other conversation included the Chief of the El Campo Police Department and the arresting officers from the Manvel Police Department. TDPS objects "to providing the requested information based on state sovereign immunity, which" it insists, "bars compliance with third-party subpoenas." Dkt. 69 at 14 (citing *Russell v. Jones*, 49 F.4th 507, 514–15, 518–19 (5th Cir. 2022)).

In *Russell*, the Fifth Circuit held that state sovereign immunity applied to bar third-party subpoenas served on 17 Texas felony judges in their official capacities in federal court litigation. *See* 49 F.4th at 514–15. Douglas argues that *Russell* does not prohibit Arizmendi, as a state employee, from being compelled to answer a third-party subpoena and appear for a deposition. In an opinion issued earlier this year, however, the Fifth Circuit squarely rejected Douglas's position:

> As an agency of Texas, TDPS receives immunity from suit. We have recognized that "compelled compliance with a *subpoena duces tecum* violates" sovereign immunity. *Russell*, 49 F.4th at 515 (quoting *Alden v. Maine*, 527 U.S. 706, 715 (1999)). And even though TDPS is a third party to this litigation, it still receives protection against compelled compliance; "[w]here sovereign immunity applies, it applies totally." *Id.* at 514. Furthermore, "sovereign immunity is an immunity from *suit* (including discovery), not just liability." *Id.* (emphasis in original) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). A state and its agencies cannot be compelled to participate in discovery, even as third parties. Otherwise, the sovereign's "interests" in its "dignity and authority over its prerogatives" would be treated as "less interesting" when it "is served with a *subpoena duces tecum* instead of a complaint"—that cannot be the case. *Russell*, 49 F.4th at 515.

---

[2] The Texas Rangers are one of the most famous law enforcement agencies in North America. Organized in 1835, they have been "eulogized as the white knights of the American Southwest." *Steadman v. Tex. Rangers*, 179 F.3d 360, 363 (5th Cir. 1999). The Texas Rangers became part of the TDPS in 1935. *See id.*

*Thompson v. Richter*, No. 24-10837, 2025 WL 1233519, at *2 (5th Cir. Apr. 29, 2025) (cleaned up).[3]

      I understand Douglas's frustration. Douglas believes it is important for him to depose Arizmendi as part of the underlying civil case. But regardless of the importance of Arizmendi's testimony, my hands are tied. Fifth Circuit precedent is clear.[4] At oral argument on the first motion to quash, Douglas's counsel conceded that the sole reason Arizmendi observed the two conversations at issue is because he had been asked as a Texas Ranger to participate in Douglas's arrest. Because Arizmendi was acting in his official capacity as a Texas Ranger when he witnessed the two conversations at issue, sovereign immunity prevents me from forcing a state official like Arizmendi to appear for a deposition. Accordingly, I grant the motion to quash.

SIGNED this 8th day of January 2026.

                                  ANDREW M. EDISON
                                  UNITED STATES MAGISTRATE JUDGE

---

[3] In seeking to minimize *Russell*'s importance, Douglas relies on a recent opinion from the Western District of Texas. *See Drs. Hosp. of Laredo v. Cigarroa*, No. SA-21-CV-01068, 2023 WL 11987993 (W.D. Tex. May 19, 2023). *Cigarroa* is inapposite. In *Cigarroa*, Judge Xavier Rodriguez held that sovereign immunity did not prevent the depositions of two non-party doctors who worked for the University of Texas because the doctors were not "acting as state officials." *Id*. at *1 (cleaned up). By contrast, Arizmendi was unquestionably acting as a state official in his capacity as a Texas Ranger.

[4] In a response brief, Douglas cites more than 15 district court and circuit court opinions from across the country disagreeing with *Russell*'s holding that a state and its agencies cannot be compelled to participate in discovery as third parties. *See* Dkt. 90 at 5–11. Those cases are interesting to read, but I am required to follow binding Fifth Circuit precedent until the Fifth Circuit or the Supreme Court overturns it. *Russell* is directly on point.

3