Case 3:24-cv-00243   Document 112   Filed 02/27/26 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOHN MARKS, § § Plaintiff. § § v. § CIVIL ACTION NO. 3:24-cv-00243 § CITY OF MANVEL, *et al.*, § § § Defendants. § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Freddie Douglas asks this court to certify for interlocutory appeal two recent discovery orders. *See* Dkt. 111. One of those orders quashed the deposition of Texas Ranger Aaron Arizmendi. *See* Dkt. 91. The other order quashed the deposition of Brazoria County District Attorney Thomas "Tom" Selleck. *See* Dkt. 108. For the reasons that follow, I recommend that Douglas's request for certification under 28 U.S.C. § 1292(b) be denied.[1]

## **BACKGROUND**

Douglas and John Marks (collectively, "Plaintiffs") allege that the City of Manvel Police Department arrested them without probable cause and charged them with aggravated sexual assault.[2] Plaintiffs argue that if law enforcement officials had conducted a proper investigation, they would have discovered the allegations against Plaintiffs to be false. Plaintiffs bring claims against the City of

---

[1] Because § 1292(b) requires an order from "a district judge," a magistrate judge may only issue a recommendation on a motion to certify an interlocutory appeal under § 1292(b). *See Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169–70 (6th Cir. 1993) ("We hold that a magistrate judge, acting pursuant to a reference under § 636(b)(1) or (3), has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under § 1292(b).").

[2] On October 15, 2024, Judge Jeffrey V. Brown consolidated Douglas's lawsuit, No. 3:24-cv-244 (S.D. Tex.), into Marks's lawsuit. *See* Dkt. 6.

Manvel, Chief of Police Thomas "Keith" Traylor, and Detective Corporal Taner Truitt for violations of their civil rights under 42 U.S.C. § 1983.[3]

During discovery, Douglas served a subpoena on the Texas Department of Public Safety ("TDPS"), seeking to depose Arizmendi. Arizmendi reportedly participated in Douglas's arrest and attended a meeting between Traylor, Truitt, and Selleck that Douglas considers important. TDPS moved to quash Arizmendi's deposition, arguing that state sovereign immunity prohibits state employees, like Arizmendi, from answering a third-party subpoena and appearing for deposition. In its briefing, TDPS relied heavily on *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), a case holding that a state and its agencies cannot be compelled to participate in discovery as third parties. Finding Fifth Circuit precedent to be "clear," I granted the motion to quash Arizmendi's deposition. *See* Dkt. 91 at 3.[4]

On December 17, 2025, Douglas noticed a deposition for Selleck. *See* Dkt. 83. On January 8, 2026, the Brazoria County Criminal District Attorney's Office filed a motion to quash Selleck's deposition, arguing, among other things, that Selleck is entitled to protection against compelled compliance based on state

---

[3] Plaintiffs also bring claims of defamation and malicious prosecution against a civilian woman, Amanda Zawieruszynski, for the allegedly false allegations that she made against them, which led to their arrest.

[4] The procedural history surrounding the motion to quash is a tad convoluted. TDPS filed a motion to quash on November 20, 2025. *See* Dkt. 73. I granted that motion to quash on December 1, 2025. *See* Dkt. 77. Douglas objected to my December 1, 2025 order. *See* Dkt. 78. On December 17, 2025, Judge Brown overruled those objections. *See* Dkt. 84. Because Douglas originally served Arizmendi without tendering fees, Douglas served another subpoena on Arizmendi, this time with the proper amount of fees. TDPS then filed a second motion to quash. *See* Dkt. 88. Douglas filed a substantially similar response to the one he filed in opposition to TDPS's first motion to quash. *See* Dkt. 90. On January 8, 2026, I granted TDPS's second motion to quash. *See* Dkt. 91. Surprisingly, Douglas did not object to my January 8, 2026 order granting TDPS's second motion to quash. Thus, even if I were to certify Douglas's appeal of my order quashing Arizmendi's deposition, the Fifth Circuit would be unable to hear it. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) (holding that "pretrial matters referred by a trial judge to a magistrate [judge] must be appealed first to the district court," and the Fifth Circuit "cannot . . . address the issue of whether the magistrate's granting of the protective order was error" if no such objections were made).

sovereign immunity. *See* Dkt. 92. Because Douglas did not timely respond to the motion to quash, I issued a minute entry on February 3, 2026, quashing Selleck's deposition. *See* Dkt. 108. Douglas did not object to my order quashing Selleck's deposition.[5]

Douglas now moves under § 1292(b) to certify my discovery orders for interlocutory appeal.

## ANALYSIS

A district judge may certify an order for interlocutory appeal if three conditions are met: (1) the "order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" on that question, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) appeals are exceptional" and should not be granted "simply to determine the correctness of a" ruling. *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68–69 (5th Cir. 1983); *see also Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997) ("Interlocutory appeals are generally disfavored," and § 1292(b) "must be strictly construed."). In deciding whether or not to certify orders for interlocutory appeal under § 1292(b), district judges are granted wide latitude. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

### A.   THERE IS A CONTROLLING QUESTION OF LAW

Douglas has identified the controlling question of law as whether sovereign immunity shields state employees from discovery in a civil lawsuit to which the state is not a party. Although this satisfies the first requirement for § 1292(b) certification, Douglas fails to establish the other two criteria.

---

[5] Because Douglas failed to object to my order quashing Selleck's deposition, he cannot now assign error to that order, nor could the Fifth Circuit entertain an appeal of that order, interlocutory or otherwise. *See supra* n.4 (citing Fed. R. Civ. P. 72(a); *Singletary*, 828 F.2d at 1137).

### B. DOUGLAS HAS NOT SHOWN THAT THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ON THE CONTROLLING QUESTION OF LAW

The threshold for establishing a substantial ground for difference of opinion on the controlling question of law "is a high one." *S. U.S. Trade Ass'n v. Unidentified Parties*, No. 10-1669, 2011 WL 2790182, at *2 (E.D. La. July 14, 2011) (quotation omitted). "Disagreement with a court's order is not enough to establish that there is substantial ground for a difference of opinion." *Ramsey v. Indep. Specialty Ins. Co.*, No. CV 23-632, 2023 WL 8559316, at *2 (E.D. La. Dec. 11, 2023). "[A] substantial ground for difference of opinion exists if there is a genuine doubt as to the correct legal standard to be applied." *S. U.S. Trade Ass'n*, 2011 WL 2790182, at *2 (quotation omitted). Such a circumstance can arise, for example, if "the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point, . . . or if novel and difficult questions of first impression are presented." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006) (quotation omitted).

Here, the Fifth Circuit has spoken directly on the controlling legal issue. In a lengthy opinion, the Fifth Circuit held in *Russell* that sovereign immunity bars third-party subpoenas issued on state employees. *See* 49 F.4th at 513–15. Just last year, the Fifth Circuit reaffirmed this basic principle:

> As an agency of Texas, TDPS receives immunity from suit. We have recognized that "compelled compliance with a *subpoena duces tecum* violates" sovereign immunity. *Russell v. Jones*, 49 F.4th 507, 515 (5th Cir. 2022) (quoting *Alden v. Maine*, 527 U.S. 706, 715 (1999)). And even though TDPS is a third party to this litigation, it still receives protection against compelled compliance; "[w]here sovereign immunity applies, it applies totally." *Id.* at 514. Furthermore, "sovereign immunity is an immunity from *suit* (including discovery), not just liability." *Id.* (emphasis in original) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). A state and its agencies cannot be compelled to participate in discovery, even as third parties. Otherwise, the sovereign's "interests" in its "dignity and authority over its prerogatives" would be treated as "less interesting" when it "is served with a *subpoena duces tecum* instead of a complaint"—that cannot be the case. *Russell*, 49 F.4th at 515.

4

*Thompson v. Richter*, No. 24-10837, 2025 WL 1233519, at *2 (5th Cir. Apr. 29, 2025).

Noting that "[t]he First, Seventh, and Eighth Circuits have held that sovereign immunity does not shield state officials from" discovery in federal court, Douglas argues that "there is a substantial ground for difference in opinion regarding the rule announced in *Russell*." Dkt. 111 at 6–7. Douglas also points to a number of district court opinions from outside the Fifth Circuit holding that state employees can be compelled to participate in discovery as state employees. In essence, Douglas contends that *Russell* was incorrectly decided and should be revisited.

The fact that circuit courts and district courts outside the Fifth Circuit may have a different view as to the propriety of third-party discovery on state officials is irrelevant. "If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal." 4 Am. Jur. 2d App. Rev. § 124. "Here, although [Douglas] is correct that other circuits have declined to follow the Fifth Circuit's holding in [*Russell*], leaving the circuits in dispute, the Fifth Circuit has nonetheless spoken directly on the contested issue in [*Russell*]. Accordingly, there is no substantial ground for difference of opinion." *Ishwar Krupa, LLC v. Indep. Specialty Ins. Co.*, No. 2:22-cv-03240, 2023 WL 11884721, at *2 (E.D. La. May 17, 2023); *see also Nairne v. Ardoin*, 715 F. Supp. 3d 808, 834 (M.D. La. 2024) (refusing to certify an order under § 1292(b) because "[w]hile a circuit split does exist, the Fifth Circuit Court of Appeals *has* spoken on the" controlling issue of law); *Earl v. Boeing Co.*, No. 4:19-cv-00507, 2020 WL 4220887, at *3 (E.D. Tex. July 23, 2020) ("[T]here is not a 'substantial ground for difference of opinion' on this issue when the Court faithfully applied the Fifth Circuit's binding precedent to reach its conclusion.").

### C. Douglas Has Not Shown that an Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

Even if Douglas could show that there is substantial ground for difference of opinion regarding the controlling issue of law, § 1292(b) certification would still be inappropriate because Douglas cannot show that an immediate appeal may materially advance the termination of the litigation. To demonstrate that an immediate appeal may materially advance the ultimate termination of the litigation, Douglas must show that the appeal will "abbreviate the district court proceedings significantly." *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 601 (5th Cir. 2025) (cleaned up).

According to Douglas, Traylor and Truitt testified at their respective depositions that they arrested Douglas because Selleck, acting in his capacity as the local district attorney, told them that probable cause existed to arrest Douglas, and they needed to conduct no further investigation. Arizmendi reportedly participated in Douglas's arrest and attended the meeting at which Selleck allegedly made these statements. Douglas's counsel says that he informally interviewed Selleck and Arizmendi after Traylor and Truitt's depositions. According to Douglas's counsel, Selleck and Arizmendi had very different recollections of that meeting. Douglas says that if, as he expects, Selleck and Arizmendi "contradict the account of that meeting [under oath at a deposition] and deny that there was any kind of ratification, approval or green lighting of the arrests of Douglas or Marks, that will have a seismic effect on the resolution of this case." Dkt. 111 at 15. Such testimony might significantly impact the ultimate outcome of the case, but that is not the test.

The test is whether an immediate appeal will materially advance the termination of the litigation. I fail to see how appellate review of my discovery rulings will have an immediate impact on the course of this litigation. An appellate determination as to whether Selleck and Arizmendi may be deposed will not resolve any of the substantive claims in this case or eliminate the need for trial. "It

is indeed that rare case where the issue presented in the context of discovery . . . involves a controlling question of law and where an immediate appeal may materially advance the ultimate termination of the litigation." *Hyde Constr. Co. v. Koehring Co.*, 455 F.2d 337, 338–39 (5th Cir. 1972); *see also Coleman v. Sherwood Med. Indus.*, 746 F.2d 445, 446 (8th Cir. 1984) ("Review of pretrial discovery orders has generally been denied because they can be effectively reviewed after final judgment."). In reasoning applicable to the present situation, the Fifth Circuit has explained:

> The parties do not need our input to proceed, and we would not speed up the litigation by weighing in. The time spent on this appeal would only slow the proceedings. There is no reason to buck the hallmark rule that a party may appeal once and only after final judgment.

*Silverthorne Seismic, LLC*, 125 F.4th at 596.

\* \* \*

Douglas has not shown "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (cleaned up). This is simply not an exceptional case for which a § 1292(b) certification is warranted.

## CONCLUSION

For the reasons discussed above, I recommend that Douglas's request for certification under 28 U.S.C. § 1292(b) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 27th day of February 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE